UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 10-cr-123-01-01 |
| –vs– | JUDGE DRELL |
| JONATHAN SENTILL FRANCISCO (01) | MAGISTRATE JUDGE PEREZ-MONTES |

### RULING AND ORDER

Before the court is a motion for compassionate release pursuant to 18 U.S.C. 3582(c)(1) file by Jonathan Francisco ("Francisco" or "Defendant"). (Doc. 148). After carefully considering the record and the law, the motion is **DENIED** for the following reasons.

I. **Background**

Francisco is currently incarcerated at United States Penitentiary ("USP") Terre Haute, Indiana. At the time of the instant offense, Francisco was serving a ten year sentence with the United States Bureau of Prisons ("BOP") for possession of a firearm by a convicted felon. His projected release date was November 30, 2013. On July 14, 2008, Francisco and fellow inmates were in line walking to the dining hall when Francisco approached another inmate from behind and stabbed him once with a metal shank. (Doc. 71, Pre-Sentence Investigation Report "PSR" ¶8). The inmate died within an hour of the attack. This court sentenced Francisco to serve an additional 360 months, consecutive to the sentence he was presently serving. (Doc. 69 p2). Francisco now moves for compassionate release.

1

## II. LAW

The Fifth Circuit has made clear that exhaustion of all administrative rights of appeal is a mandatory claim–processing rule. United States v. Franco, 973 F.3d 465, 468 (5th Cir. 2020). After exhaustion of remedies, defendants must show that (1) "extraordinary and compelling reasons" exist, (2) compassionate release is consistent with applicable policy, and (3) the § 3553(a) factors favor release. 18 U.S.C. §3582 (c)(1)(A); United States v. Shkambi, 993 F.3d 388, 392 (5th Cir. 2021). We also note that 18 U.S.C. § 3553(a)(5) calls for consideration of pertinent policy statements.

Although not binding, U.S.S.G. § 1B1.13 is the pertinent policy statement and informative of our decision. Compare Shkambi, 993 F.3d at 393 ("neither the policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582.") with United States v. Rivas, 833 F. App'x 556, 558 (5th Cir. 2020) ("Though not dispositive, we are guided in our analysis by the commentary for § 1B1.13, which considers..."), and United States v. Thompson, 984 F.3d 431, 433 (5th Cir. 2021), cert. denied sub nom. Thompson v. United States, No. 20–7832, 2021 WL 2044647 (U.S. May 24, 2021) ("Although not dispositive, the commentary to [§ 1B1.13] informs our analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release.") (citing Rivas 833 F. App'x at 558). The policy requires consideration of whether the defendant is a danger to another or the community providing 18 U.S.C. § 3142(g) as an analytical guide. Accordingly, § 3142(g) is informative and considered. Because there is overlap between the 3142(g) and 3553(a) factors, we discuss them *en masse*.

### III. ANALYSIS

Francisco's motion includes as an exhibit a final decision signed by the warden of USP Terra Haute to not file a motion for compassionate release on Francisco's behalf. Thus, he has provided proof of exhausting his administrative remedies.

#### A. Extraordinary and Compelling Circumstances

Francisco claims extraordinary and compelling circumstances exist because, as he says, COVID–19 is running rampant through the inmate population and he is suffering from a terminal illness. (Doc. 148 p4). To substantiate his claim to the latter, Francisco draws our attention to exhibit two of his motion, which includes the following...

- Four various certificates of achievement,
- One "Pablo Picasso, Best Abstract Artwork" award,
- A radiology report noting an "[u]nremarkable" exam of Francisco's wrist with no fractures or misalignments,
- A February 23, 2021 psychology report, and
- A March 23, 2021 psychology report updating in part the prior report.

Neither the radiology report nor the psychology report identifies a terminal illness, or any other illness, besides a potential for mental illness.

The government argues that Franscico's circumstances do not rise to the level of extraordinary or compelling because the Fifth Circuit has precluded from extraordinary a generalized fear of COVID–19. United States v Thompson, 984 F.3d 431, 433–'34. We agree. We cannot find from the exhibits submitted by Franscico

3

any trace of any disease or condition that would increase the likelihood of severe illness or death if Franscico contracted COVID–19. Further, he has received the Pfizer COVID–19 vaccine. See Centers for Disease Control and Prevention, "Key Things to Know about COVID–19 Vaccines," https://www.cdc.gov/coronavirus/2019-ncov/vaccines/keythingstoknow.html?s_cid=10493:cdc%20covid%20vaccine:sem.ga:p:RG:GM:gen:PTN:FY21, last viewed Aug. 17, 2021, last updated Aug. 16, 2021 ("COVID–19 vaccines are effective at helping protect against severe disease and death from variants of the virus that cause COVID–19 currently circulating, including the Delta variant."). Accordingly, he does not present circumstances that are more extraordinary than that of the general inmate population who also fears contracting COVID–19. See Thompson, 984 F.3d at 433–'34.

### B. 3142(g) and 3553(a)

Even if Francisco could demonstrate extraordinary and compelling circumstances, he must also demonstrate (1) that he does not pose a threat to another or the community in accordance with the 3142(g) factors and (2) that the 3553(a) factors favor release. As the following illustrates, we do not find that Francisco has demonstrated favorable consideration under either 3142(g) or 3553(a).

Francisco has a very lengthy criminal history. His juvenile record includes a single instance of assault and several instances of theft, robbery, and burglary. (PSR ¶¶ 32-41). As an adult his record is even more troubling with instances of possession and attempt to sell cocaine, trespassing, criminal impersonation, aggravated assault, and felon in possession of a firearm. (PSR ¶¶ 42-67). Francisco's criminal history

4

score was calculated as fourteen establishing a criminal history category of VI. (PSR ¶ 68); See 18 U.S.C. 3142(g)(3) ("the history and characteristics of the person"); Id. at (4) ("the nature and seriousness of the danger to any person or the community that would be posed by the person's release"); Id. at 3553(a)(1) ("the history and characteristics of the defendant").

In conjunction with criminal impersonation, we also note that the PSR demonstrates repeated dishonest behavior including denial of criminal involvement, changing stories, and refusal to cooperate. (PSR ¶¶ 14, 40, 44, 66). See 18 U.S.C. 3142(g)(3) ("the history and characteristics of the person"); Id. at (4) ("the nature and seriousness of the danger to any person or the community that would be posed by the person's release"); Id. at 3553(a)(1) ("the history and characteristics of the defendant").

Francisco committed the instant incarcerating offense of second degree murder while incarcerated on a prior conviction. Cf. Id. at 3142(g)(3)(B) ("whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law"). He was sentenced to an additional 360 months to be served consecutively with a sentence ending November 30, 2013. At the time of his filing the instant motion, Francisco has served less than a third of that 360 month sentence. See 18 U.S.C. 3553(a)(2) ("the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal

conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training medical care, or other correctional treatment in the most effective manner"); Id. at (6) ("the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"); See also Thompson, 984 F.3d at 434–'35, ("The courts that granted compassionate release on [the bases of health concerns] largely have done so for defendants who had already served the lion's share of their sentences and presented multiple, severe, health concerns.") (compiling cases).

### IV. CONCLUSION

For the reasons enumerated above, it is hereby **ORDERED** that Francisco's motion for compassionate release filed pursuant to 18 U.S.C. § 3582(c)(1) is **DENIED**.

**THUS DONE AND SIGNED** at Alexandria, Louisiana this 24th day of August 2021.

DEE D. DRELL, JUDGE
UNITED STATES DISTRICT COURT